# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2021

Lyle W. Cayce
Clerk

No. 20-51026
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Gary Burton Chatham,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-65-7

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Gary Burton Chatham pleaded guilty to conspiracy to possess, with intent to distribute, at least 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(viii). He was sentenced to, *inter alia*, a within-Sentencing Guidelines term of 108 months' imprisonment.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Chatham contends the court erred by:  failing to provide an adequate explanation for his sentence; and imposing one that is unreasonable.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751-53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Chatham , however, did not preserve his lack-of-adequate-explanation claim in district court; therefore, as Chatham acknowledges, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Chatham must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Prior to receiving his sentence, Chatham requested a downward departure from the Guidelines sentencing range in the light of his advanced age, life expectancy, mental and physical conditions, long-time marriage, and military service.  The Government opposed a lower sentence, contending: Chatham actively bought and sold drugs; neither his age nor physical condition limited his criminal conduct; and he tested positive for drugs during his pretrial supervision.  The court offered no explanation for his

within-Sentencing Guidelines term. But, Chatham's failure to demonstrate how lack of explanation affected his sentence precludes relief under plain-error review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009) (noting failure to explain within-Sentencing Guidelines term does not constitute violation of substantial rights).

Regarding Chatham's unreasonable-sentence claim, a properly calculated sentence within the Guidelines sentencing range, as in this instance, is presumptively reasonable. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see, e.g., United States v. Miller*, 665 F.3d 114, 119 (5th Cir. 2011) (noting presumption of reasonableness applies to within-Guidelines sentences "even if the applicable Guideline is not empirically based").

Chatham did not rebut the presumption of reasonableness attached to his within-Guidelines sentence. He fails to show "the sentence does not account for a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors". *United States v. Hernandez*, 876 F.3d 161, 166 (5th Cir. 2017) (explaining how presumption may be rebutted).

To the extent Chatham challenges the denial of a downward departure, our court lacks jurisdiction to review the issue. *See United States v. Rodriguez-Montelongo*, 263 F.3d 429, 431 (5th Cir. 2001) (explaining our court is "generally without jurisdiction to review a sentencing court's refusal to grant a downward departure when its decision is based upon a determination that departure was not warranted on the facts of the case before it" (citation omitted)).

AFFIRMED.